UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVANTE THOMAS,

        Petitioner,

                                       Case No. 14-13501
v.                                        Honorable Linda V. Parker

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Devante Raheem Thomas ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his convictions in the Circuit Court for Saginaw County, Michigan, in 2010, for the following: (a) carjacking in violation of Michigan Compiled Laws § 750.529a; (b) armed robbery in violation of Michigan Compiled Laws § 750.529; (c) carrying a concealed weapon (CCW) in violation of Michigan Compiled Laws § 750.227; (d) third-degree fleeing and eluding in violation of Michigan Compiled Laws § 750.479a(3)); (e) resisting and obstructing a police officer in violation of Michigan Compiled Laws § 750.81d(1); and (f) three counts of possession of a firearm during a felony ("felony-firearm") in violation of Michigan Compiled

Laws § 750.227b. For the reasons stated below, the Court is denying Petitioner's application for the writ of habeas corpus.

## I. Background

Petitioner pleaded guilty to the above offenses on October 12, 2010, pursuant to a plea agreement. The convictions arose from an incident where Petitioner forced a woman from her car at gunpoint and then stole the car and the woman's money and iPod. (10/12/10 Tr. at 7-8.) While driving the stolen car, Petitioner led the police on a car chase and then a foot chase, before being apprehended. (*Id*. at 8-10.) The state trial court sentenced Petitioner on November 18, 2010, to the following sentences: (1) a mandatory term of 24 months on the felony firearm convictions, consecutive to a term of not less than 24 months and not more than 60 months on the CCW conviction; (2) 180 to 360 months on the carjacking and armed robbery convictions; (3) a term of 12 months on the resisting and obstructing a police officer conviction , to be served in the Saginaw County Jail concurrent with a term of 24 to 60 months on the fleeing and eluding conviction and the sentences for carjacking and armed robbery. (11/18/10 Tr. at 3-4.)

Petitioner thereafter filed an application for leave to appeal in the Michigan Court of Appeals, which the court denied for lack of merit in the grounds

presented. (*See* ECF No. 9-7.) The Michigan Supreme Court denied Petitioner leave to appeal in an order issued July 29, 2014. (ECF No. 9-9.)

Petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2014. Petitioner raises one ground in support of his request for habeas relief:

> [Petitioner] is entitled to a modification of his judgment for the reason that he was prejudiced by the erroneous scoring of 10 points on OV4, which thereby rendered his sentence invalid. Additionally, the [Petitioner] has good cause to raise this issue do (sic) to the ineffectiveness of both trial counsel and former appelate (sic) counsel.

(ECF No. 1 at 2.) Respondent filed an Answer to the Petition on March 4, 2015, arguing that Petitioner's ground for habeas relief is procedurally defaulted and that his application is barred by the applicable statute of limitations. (ECF No. 8.) Respondent also contends that Petitioner raises a non-cognizable claim. (*Id.*)

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has, on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner contends that he is entitled to a modification of his sentence because the trial court erroneously scored 10 points for offense variable 4, trial counsel was ineffective for not objecting to trial court's alleged error, and appellate counsel was ineffective for not raising this issue on appeal.

As an initial matter, Petitioner agreed in his plea agreement to the minimum sentence of 108 months. (10/12/12 Tr. at 3; 11/18/10 Tr. at 2, 4). The trial court sentenced Petitioner to a minimum sentence of 108 months in accordance with the

plea agreement and to the maximum of 360 months in accordance with Michigan law. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis*, No. 06-10835, 2008 WL 1995096, *2 (E.D. Mich. May 6, 2008) (unpublished) (citing cases).

Petitioner's sentences were within the statutory limit under Michigan law for the enumerated offenses. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Furthermore, a claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("It is well-established that 'federal habeas corpus relief does not lie for errors of state law.' "). "A federal court may not issue the writ [of habeas corpus disturbing a state-court judgment] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, (1984). Therefore, Petitioner's claim that the trial court mis-scored offense

variables in determining the state sentencing guidelines is not cognizable on habeas corpus review.

Petitioner also alleges that his trial counsel was ineffective by failing to object to the scoring of offense variable 4 and that appellate counsel was ineffective in failing to raise this issue on appeal. Neither claim has merit.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). "Even though sentencing does not concern the defendant's guilt or innocence, 'ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of [additional] jail time has Sixth Amendment significance.' " *Lafler*, 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)) (additional quotation marks omitted). To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show that: (1) "counsel's representation fell below the objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-94.

The trial court sentenced Petitioner in conformity with his plea agreement with the prosecution. In light of the fact that the trial court sentenced Petitioner to

sentences to which he agreed, Petitioner cannot establish that his counsel was ineffective for failing to object to the sentence or the scoring of the sentencing guidelines. *See Whitaker v. United States*, 186 F. App'x. 571, 573-74 (6th Cir. 2006); *see also United States v. Smith*, 143 F. App'x. 559, 561 (5th Cir. 2005). For the same reasons, appellate counsel was not ineffective for failing to raise this claim on appeal.

**IV. Conclusion**

For the above reasons, the Court holds that Petitioner is not entitled to the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, the Court is denying his application for the writ of habeas corpus. The Court also is denying Petitioner a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.

*Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court is denying Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. His claim that the trial court incorrectly scored or calculated his sentencing guidelines range is not cognizable on federal habeas review. The trial court sentenced Petitioner in accordance with his plea agreement. Therefore, trial counsel and appellate counsel were not ineffective in failing to object to Petitioner's sentence or raise the issue on appeal. The Court also is denying Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Id*.

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to appeal in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 9, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 9, 2016, by electronic and/or U.S. First Class mail.

                                            s/ Shawna Burns on behalf of Richard Loury
                                            Case Manager